UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| TYREL JAMES FINGER,<br><br>Petitioner,<br><br>vs.<br><br>YANKTON FPC, WARDEN,<br><br>Respondent. | 4:21-CV-04088-RAL<br><br><br>OPINION AND ORDER DISMISSING PETITIONER'S PETITION |

On May 12, 2021, Tyrel James Finger, an inmate at the Yankton Federal Prison Camp in Yankton, South Dakota, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Doc. 1. Finger moves for leave to proceed in forma pauperis. Doc. 2. His prisoner trust account report shows average monthly deposit of $256.83, and an average monthly balance of $144.70. Doc. 3. Accordingly, the Court finds that Finger is indigent and grants his motion for leave to proceed in forma pauperis. However, Finger has the financial wherewithal to pay the $5 filing fee.

Generally, a district court screens petitions and dismisses the petition when it "plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court[.]" Rule 4 of the Rules Governing Section 2254 Cases; see Rule 1(b) of the Rules Governing Section 2254 Cases (extending the screening rule to petitions filed under § 2241). A post-conviction motion such as this one that attacks the execution of a sentence and not the legality of the sentence must be brought in a petition pursuant to 28 U.S.C. § 2241 in the district where the defendant is incarcerated. See 28 U.S.C. §§ 2241, 2255; Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004). Finger brought his petition in the correct district in that he is imprisoned in Yankton, South Dakota. Doc. 1 at 1.

Finger asks for the "immediate application" of his earned time credits under the First Step Act ("FSA"). Doc. 1 at 6. Finger seeks for this Court to order the Bureaus of Prisons ("BOP") to apply his earned time credits. Id. at 8. Under the FSA, time credits may be earned by eligible prisoners who successfully complete "evidence-based recidivism reduction programming" or "productive activities." 18 U.S.C. § 3632(d)(4)(A). The BOP has a phase-in period until January 15, 2022, to provide evidence-based recidivism programs and productive activities to *all* prisoners. Id. § 3621(h)(2) (emphasis added). In Holt v. Warden, this Court held that it cannot force the BOP to apply earned time credits toward prerelease custody before January 15, 2022. 2021 WL 1925503, at *5-6 (D.S.D. May 13, 2021). Thus, an inmate who seeks to have the Court compel the BOP to apply the credits before January 15, 2022, does not have standing and his/her petition must be dismissed for lack of subject matter jurisdiction. See id.

Here, Finger seeks to have the Court order the BOP to apply his earned time credits. Doc. 1 at 6. Based on how the FSA is written, the Court at this time cannot compel the BOP to apply earned time credits. Finger's petition is dismissed for lack of subject matter jurisdiction.

Therefore, it is hereby

ORDERED that Finger's motion for leave to proceed in forma pauperis, Doc. 2, is granted, but he must pay the $5 filing fee as he has the financial capability to do so. It is finally

ORDERED that Finger's petition is dismissed for lack of subject matter jurisdiction.

DATED May 20th, 2021.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE